■ IRVING SCHWARTZBERG, Appellant, v. RUSSELL G. OSWALD et al. Constituting the Board of Parole of the State of New York, Respondents.— Appeal from an order of the Supreme Court at Special Term in a proceeding under article 78 of the Civil Practice Act which denied petitioner's application for an order to compel the Board of Parole to set a date for a new hearing for petitioner and to allow his attorney to be present thereat. There is no statutory or constitutional right for a prisoner to be represented by counsel at a hearing before the Board of Parole. This board is given broad, discretionary powers to release prisoners before the expiration of their maximum terms by article 8 of the Correction Law. It is empowered to act upon its own motion. Section 214 of the Correction Law provides that a prisoner does not have the right to initiate proceedings for parole or to make application for parole. Even when a prisoner becomes a parole violator (which petitioner is not), section 218 provides that he may be called before the Parole Board for a hearing and shall be given " an opportunity to appear personally, but not through counsel or others, before such board of parole and explain the charges made against him." Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. IRVING SCHWARTZBERG, Appellant, against DANIEL MCMANN, as Acting Warden of Clinton Prison, Respondent.— Appeal from an order of the County Court of Clinton County which dismissed a writ of habeas corpus. Appellant was indicted by a Grand Jury of New York County on several counts, including two counts for grand larceny in the first degree. Upon the recommendation of the District Attorney he was permitted to plead guilty to attempted grand larceny in the second degree, and was sentenced thereon as a second offender. At the time of the return of the writ of habeas corpus appellant was in prison on a sentence for that offense. His only contention seems to be that the acts which he admits he did do not constitute a crime, or, in other words, that he is not guilty. Upon the return of the writ he admitted the indictment and admitted that he entered a plea of guilty. The committing court had jurisdiction of the offense and of the person of the defendant, and the writ was properly

dismissed. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.